Mildred Bauman (Malley) v. Commissioner.
Bauman v. Commissioner
Docket No. 25298.
United States Tax Court
1951 Tax Ct. Memo LEXIS 359; 10 T.C.M. (CCH) 31; T.C.M. (RIA) 51010; January 12, 1951
Mildred Bauman (Malley), pro se. Joseph F. Rogers, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in petitioner's income tax for 1947 in the amount of $188.42, all of which is contested. The deficiency results entirely from respondent's disallowance of a loss deduction of $991.65 which petitioner claims on account of the alleged theft of her baggage and personal effects while in transit and in custody of the United States army. Findings of Fact Petitioner is a resident of the State of New York. She filed her return for 1947 with the collector of internal revenue for the State of Maryland. In 1946 petitioner received an appointment as a civilian employee of the United States to serve at Vienna, *360 Austria. She reported at the New York Port of Embarkation in December 1946 and was booked for passage on a United States army vessel, the "General Hershey." However, due to some delay in processing, she was deleted from the passenger list and was told that she would have to wait for another vessel. In the meantime, her baggage had been loaded on the "General Hershey" and was not removed before it sailed. Petitioner was assigned to Fort Hamilton to await the next ship to Vienna. She did not learn until several days later that her baggage had been left aboard the "General Hershey." While stationed in the barracks in Fort Hamilton she became ill and as a consequence was forced to resign her position with the United States army. After numerous attempts to recover her baggage she was notified by the army authorities that it could not be located. It was traced as far as Vienna, Austria, and was there routed back to Bremerhaven for return to this country, but could never be traced any further and has never been located. On May 15, 1947, petitioner submitted a claim to the army, with an itemized list of the articles said to have been contained in the lost baggage, for damages in the total *361 amount of $3,998.90. This claim was finally allowed on October 29, 1947, in the amount of only $2,103, which was determined to be the fair and reasonable value of the property at the time of its loss. The list of lost articles which petitioner submitted with her claim included several pieces of luggage and numerous articles of wearing apparel and other personal effects, and gave the date of acquisition, the cost or value when acquired, and the amount claimed on each item. In some instances petitioner claimed the full cost of the wearing apparel which she had owned for two years or more, while as to others she claimed lesser amounts. In response to her inquiry, petitioner received a letter from the office of the Judge Advocate General under date of March 22, 1949, stating that: "* * * Due to lack of any definite information as to the manner in which the property was lost, this office is unable to determine whether your baggage was stolen or lost in transit." In her income tax return for 1947 petitioner claimed a deduction of $991.65, with the following explanation: Loss of all personal prop-
erty in Europe
$3,980.15
Total net compensated by
insurance $1,873.15
2,103.00
$1,873.15 [$1,877.15]
Claiming $991.65 this year
- will claim balance of
$881.50 next year. * * *
(991.65
this year)
Total allowable losses
$991,65
*362 The respondent disallowed the deduction claimed on the ground that petitioner had not established that the loss was due to theft. Opinion LEMIRE, Judge: Section 23 (e) of the Internal Revenue Code allows individuals to deduct nonbusiness losses sustained during the taxable year "if the loss arises from fires, storms, shipwreck, or other casualty, or from theft" and is not compensated by insurance or otherwise. Petitioner contends that her loss was from theft. She argues that although there is no direct proof as to how the baggage was actually lost, the circumstances raise a conclusive presumption that it was stolen. We are unable to draw any such conclusive presumption from the evidence before us. All that we know, and apparently all that petitioner knows, is that the baggage was lost somewhere in transit and while in the custody of the army. The last point to which it could be traced was Vienna, Austria. Whether it was ever shipped from there or, if so, to what other point and by what means no one knows. It might have been stolen, but also it might have been destroyed or might yet be held in some storage place without identification marks. Other possibilities *363 seem too numerous to justify any presumption that the baggage was stolen. Certainly, there is no evidence in the record before us on which we can make such a finding. Since the establishment of the fact of theft is essential to petitioner's case, we think that the respondent must be sustained in his disallowance of the deduction. It might also be pointed out that there is no satisfactory evidence that petitioner actually sustained any loss over and above the amount for which she was compensated by the army. It is self-evident from the claim which she herself prepared that some of the missing articles were considerably overvalued. There is no evidence on which we could determine that petitioner sustained an actual loss in excess of the compensation which she has been allowed. Decision will be entered for the respondent.